**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Jonathan M. Sperling

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1153
jsperling@cov.com

**Via ECF & Email**                                                   June 27, 2025

The Honorable Katherine Polk Failla
(Failla_NYSDChambers@nysd.uscourts.gov)
United States District Court
Southern District of New York
40 Foley Square, Room 2103



      Re:  *Marcel Albert, Professionally Known as Marc Mysterio v. DistroKid LLC and Amazon.com Services LLC*, Case No. 1:25-CV-01705-KPF

Dear Judge Failla:

      We represent defendant Amazon.com Services LLC ("Amazon") in the above referenced matter.  We write pursuant to Rule 9(B) of the Court's Individual Rules of Practice in Civil Cases to respectfully request leave to file Exhibits 1, 2, and 3 to the Declaration of Jonathan M. Sperling, in support of Amazon's Motion to Dismiss Plaintiff's Amended Complaint, under seal and to publicly file copies of those documents with redactions.

      Good cause exists to file portions of Exhibits 1, 2, and 3 under seal because they contain commercially sensitive and confidential business information that would result in competitive harm if disclosed.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (holding that documents may be kept under seal if "countervailing factors" so demand); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access.").  Disclosure of confidential financial terms and pricing information redacted from Exhibits 1, 2, and 3 would harm Amazon's business interests.  Public disclosure of this information, which includes pricing information and other unique payment terms, such as the methodology by which financial terms are calculated, would impair Amazon's ability to negotiate with third parties and would put them at a competitive disadvantage if made accessible to Amazon's competitors.  *See, e.g.*, *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *2 (S.D.N.Y. Oct. 15, 2021) (holding that the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" a protectable interest justifying redaction under *Lugosch*); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing . . . pricing information."); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal documents containing pricing and revenue information and other sensitive business information because "[n]on-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" (quoting *New York v. Actavis, PLC*, WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014))).

COVINGTON

The Honorable Katherine Polk Failla
June 27, 2025
Page 2

      Amazon's proposed redactions are narrowly tailored to preserve only the financial and commercial sensitive information that would most harm it if made public. *See, e.g.*, *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) ("Specific, narrowly tailored portions of contracts regarding proprietary commercial information may qualify for sealing under the case law if disclosure would harm a litigant's ability to negotiate with third parties, subject a party to financial harm, or harm a litigant's competitive standing." (cleaned up)).

      Accordingly, Amazon respectfully requests that the Court grant this motion to file Exhibits 1, 2, and 3 under seal and in redacted form on the public docket.

      Respectfully submitted,

      */s/ Jonathan M. Sperling*
      Jonathan M. Sperling

cc: All Counsel (via ECF)

```
Application GRANTED.  The Clerk of Court is directed to maintain docket
entry 41 under seal, viewable to the Court and the parties only.

The Clerk of Court is further directed to terminate the pending motion at
docket entry 35.

Dated:    June 30, 2025              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE