**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARCEL ALBERT, PROFESSIONALLY
KNOWN AS MARC MYSTERIO

       *Plaintiff,*

   v.

DISTROKID LLC AND AMAZON.COM
SERVICES LLC

       *Defendants.*

Case No. 1:25-cv-01705-KPF

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMAZON.COM**
**SERVICES LLC's MOTION FOR PARTIAL RECONSIDERATION OF**
**THE COURT'S MARCH 13, 2026 ORDER**

COVINGTON & BURLING LLP

Jonathan M. Sperling
Phillip A. L. Hill
Sara J. Dennis
30 Hudson Yards
New York, NY 10001
(212) 841-1000

*Counsel for Defendant Amazon.com*
*Services LLC*

**Table of Contents**

Preliminary Statement.................................................................................................... 1

Argument ......................................................................................................................... 2

I.      A Motion for Partial Reconsideration Is Appropriate Because the Court Relied on
        a Ground Not Briefed by the Parties..................................................................... 2

II.     The Court Should Reconsider Its Conclusion That the Presence of an Indemnity
        Clause Evinces an Intent to Make Plaintiff a Third-Party Beneficiary. ............. 3

Conclusion ...................................................................................................................... 6

i

**Table of Authorities**

**Page(s)**

**Cases**

*Capitol Records, LLC v. Vimeo, LLC,*
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)........................................................................2

*Kleeberg v. Eber,*
    2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) .........................................................2

*Moazzaz v. Met Life, Inc.,*
    2024 WL 2330751 (S.D.N.Y. May 22, 2024) ........................................................2

**Other Authorities**

7 Alexander Lindey, *Ent. Publ'g & the Arts* § 32:12 (3d ed. 2025)..................................4

*Indemnification Clauses in Commercial Contracts, Practical Law Practice Note*
    *5-517-4808* ............................................................................................................4

Practical Law Intell. Prop. & Tech., *Copyright License Agreement (Pro-Licensee),*
    *Practical Law Standard Document w-011-3235* ....................................................4

Practical Law Intell. Prop. & Tech., *Copyright License Agreement (Pro-Licensor),*
    *Practical Law Standard Document w-007-9487* ....................................................4

**Preliminary Statement**

Defendant Amazon.com Services LLC respectfully seeks narrow reconsideration of one ground of the Court's March 13, 2026, Opinion and Order (the "Order"), on which the Court did not have the benefit of briefing from the parties.

The Order granted in part and denied in part Amazon's motion to dismiss Plaintiff's claims against Amazon.  In finding that a "limited" and "narrow" breach of contract claim remains against Amazon, the Court concluded that Plaintiff sufficiently pled that he is a third-party beneficiary of the DistroKid-Amazon Agreement,[1] based on two considerations:  (1) "DistroKid agreed to remit to Plaintiff 100% of the royalties that it received from Amazon (Albert-DistroKid Agreement § 7(a)), which demonstrates a clear intent on the part of DistroKid to make Plaintiff the immediate beneficiary of Amazon's promise to pay royalties," and (2) the DistroKid-Amazon Agreement includes an indemnity provision by which DistroKid agrees to indemnify Amazon from claims brought by third parties.  ECF 53 at 13, 24–25, 29.

Amazon does not seek reconsideration of (although it respectfully disagrees with) the Court's conclusion that Plaintiff sufficiently alleged that he is a third-party beneficiary of the DistroKid-Amazon Agreement.  Amazon does, however, respectfully request that the Court reconsider the second ground identified above on which it based that conclusion—i.e., that the presence of a provision requiring DistroKid to indemnify Amazon against third-party claims indicated an intent to make plaintiff a third-party beneficiary.  Plaintiff did not raise this as a basis for his assertion that he is a third-party beneficiary, and, as a result, the Court did not have the benefit of briefing from the parties on this issue before rendering a decision.

---

[1] Capitalized terms are defined in Amazon's Memorandum of Law in support of its Motion to Dismiss (ECF 37) unless defined herein.

Reconsideration is appropriate because indemnity provisions of the type at issue are ubiquitous in all manner of commercial agreements, especially in licenses of IP rights (such as the DistroKid-Amazon Agreement), where licensees need assurance that they will not face exposure to infringement claims by non-parties claiming rights in the licensed properties.  Given the ubiquity of such provisions, we respectfully submit both that (i) they cannot be understood to evince an intent to recognize third-party beneficiaries to the contract itself, and (ii) holding otherwise would put licensees to the choice of seeking standard indemnification rights only on pain of being found to have vested third parties with standing to assert claims.  Because the indemnity provision does not support the Court's conclusion, because it also is not *necessary* to the Court's conclusion, and because of the risk of unintended consequences that might flow from the Court's reliance on the indemnity provision, Amazon respectfully requests that the Court revise its Order to exclude its reliance on the indemnification provision for its holding.

## Argument

### I.    A Motion for Partial Reconsideration Is Appropriate Because the Court Relied on a Ground Not Briefed by the Parties.

A court may grant reconsideration where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 543–45 (S.D.N.Y. 2013) (granting reconsideration in part) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995)).  Courts will entertain a motion for reconsideration where "the parties did not brief the issue . . . and because the Court raised the issue sua sponte in its prior Opinion and Order." *Moazzaz v. Met Life, Inc.*, 2024 WL 2330751, at *1 (S.D.N.Y. May 22, 2024) (citation omitted); *see also Kleeberg v. Eber*, 2021 WL 1164205, at *5 (S.D.N.Y. Mar. 25, 2021) (granting motion for reconsideration where the party was "not

attempting to take a second bite of the apple" but rather objected to the Court's conclusion on an issue "without having had a chance to brief this issue").

Here, the Court relied on a ground that the parties did not brief. Plaintiff argued that he is a third-party beneficiary of the DistroKid-Amazon Agreement because "Amazon (the payor) was contractually obligated to pay royalties for exploitation of Plaintiff's music and DistroKid (the promissee) was obligated to remit all royalties it received for exploitation of Plaintiff's music to the Plaintiff, i.e. give him the benefit of the contract." ECF 44 at 22. The Order, however, found that Plaintiff is a third-party beneficiary not only for that reason, but also because "the DistroKid-Amazon Agreement includes an indemnity provision"—an argument that Plaintiff did not advance.[2] *See* ECF 53 at 24–25. Reconsideration is thus appropriate.

## II.    The Court Should Reconsider Its Conclusion That the Presence of an Indemnity Clause Evinces an Intent to Make Plaintiff a Third-Party Beneficiary.

Although Amazon does not seek reversal of the Court's holding that Plaintiff is a third-party beneficiary of the DistroKid-Amazon Agreement, it does respectfully request that the Court reconsider its reliance on the indemnity provision as a basis for that holding. That reliance is not supported by caselaw or by the language of the provision, and has potentially far-reaching implications for the countless parties to IP licenses and other commercial agreements.

The indemnity provision in the DistroKid-Amazon Agreement is standard and unremarkable:

> Content Provider shall further indemnify, defend and hold [Amazon] . . . harmless from and against any loss, claim, liability, damage, action or cause of action . . . that arises from any claims

---

[2] Plaintiff only raised the existence of an indemnification clause in a different agreement, the *Albert-DistroKid Agreement*, in arguing that DistroKid was acting as Plaintiff's agent—an argument that the Court rejected. *See* ECF 53 at 21 n.6.

3

> that [Amazon]'s exercise of its rights hereunder violates any law or the right of any third party.

DistroKid-Amazon Agreement § 7.4. The Court concluded that the indemnity provision evinces an intent to make Plaintiff a third-party beneficiary because it "specifically acknowledges that a third party, like Plaintiff, may sue Amazon."  ECF 53 at 25.

That is true enough.  But neither (i) the fact of such a provision, nor (ii) the specific language of the provision here, presupposes the legitimacy of any such third-party claim, or the party's standing to assert it.

To start, the presence of such a provision cannot on its own reasonably be understood to evince an intent to vest Plaintiff or any other third party with the right to assert a claim.  As a leading practice guide observes, "[n]early *every* commercial contract has an indemnification provision." *Indemnification Clauses in Commercial Contracts, Practical Law Practice Note 5-517-4808* (emphasis added).  And indemnity provisions are "particularly important" in the IP context, where the licensee can have no assurance that a third party will not claim rights to the licensed intellectual property, and "an adverse claim exposes even an innocent infringer to damage liability."  7 Alexander Lindey, *Ent. Publ'g & the Arts* § 32:12  (3d ed. 2025); *see also* Practical Law Intell. Prop. & Tech., *Copyright License Agreement (Pro-Licensee), Practical Law Standard Document w-011-3235* ("The licensee should seek broad indemnities that require the licensor to indemnify it for risks the licensor is better able to control. An important risk the licensee should seek to mitigate is the risk that the licensee's use of the work infringes third-party rights."); Practical Law Intell. Prop. & Tech., *Copyright License Agreement (Pro-Licensor), Practical Law Standard Document w-007-9487* ("The licensee should consider requesting that the licensor be liable (and indemnify licensee) for any third-party claims resulting from [among other things] . . . [c]opyright infringement arising out of the use of the work under the agreement.").  Given the

4

ubiquity of such indemnity provisions, and their particular importance in IP licenses such as the DistroKid-Amazon Agreement for reasons unrelated to any breach of contract claim, nothing about the mere fact of such an indemnification arrangement reasonably could be understood to evince an intent to vest third parties with rights under the agreement.

Nor is there anything about the particular language of this provision that evinces such an intent. The provision does not presuppose that any third-party claim would properly be asserted; and it certainly does not presuppose that any such party has rights *under the contract* or has standing to enforce the *terms of the contract*. It simply shifts to the licensor the costs of defending against any such claim. Thus, on its face, nothing in the provision evinces an intent to vest Plaintiff or any other third party with the right to assert a claim.

In short, indemnification clauses are routinely used to protect parties against the expense of claims based on factors outside of their control, such as claims that a musical work or recording provided to a streaming service by a content provider infringes the copyright of another rightsholder. The Order does not explain how such a standard provision provides a basis to find that any third party is an intended beneficiary of the agreement, nor does the Order refer to legal authority for that presumption.

Finally, the Court's conclusion risks substantial and likely unintended consequences. It puts contracting parties to an untenable choice: either forego the protections of an indemnity, or bargain for such rights at risk of being found to have vested third parties with the right to assert claims under the agreement. We respectfully submit that nothing in the indemnification provision here either evinces an intent to vest third parties with rights, or warrants putting parties to that choice.

**Conclusion**

For the foregoing reasons, Amazon respectfully requests that this Court reconsider its reliance on the existence of an indemnification clause in the DistroKid-Amazon Agreement in determining that Plaintiff sufficiently pled that he was an intended third-party beneficiary of that agreement.


Dated: March 27, 2026

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Jonathan M. Sperling*
    Jonathan M. Sperling

Jonathan M. Sperling
Phillip A. L. Hill
Sara J. Dennis
30 Hudson Yards
New York, NY 10001
(212) 841-1000
jsperling@cov.com
pahill@cov.com
sdennis@cov.com

*Counsel for Defendant Amazon.com Services LLC*

6

## <u>WORD COUNT VERIFICATION</u>

I, Jonathan M. Sperling, certify that according to the word count of the word-processing program used to prepare the foregoing memorandum of law, and exclusive of the portions of it that are excluded by Local Rule 7.1, there are 1,612 words in the document.