**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCEL ALBERT, PROFESSIONALLY KNOWN AS MARC MYSTERIO<br><br>*Plaintiff,*<br><br>v.<br><br>DISTROKID LLC AND AMAZON.COM SERVICES LLC<br><br>*Defendants*. | Case No. 1:25-cv-01705-KPF |

**REPLY IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC's MOTION**
**FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 13, 2026 ORDER**

COVINGTON & BURLING LLP

Jonathan M. Sperling
Phillip A. L. Hill
Sara J. Dennis
30 Hudson Yards
New York, NY 10001
(212) 841-1000

*Counsel for Defendant Amazon.com*
*Services LLC*

Amazon's motion for partial reconsideration provides the Court with relevant facts and argument that the Court did not have the benefit of considering when deciding that the standard indemnification provision in the DistroKid-Amazon Agreement could evince intent to confer third-party beneficiary recognition on Plaintiff.  Plaintiff's opposition brief does not dispute that he never raised the indemnification clause in the DistroKid-Amazon Agreement as a purported basis to find him a third-party beneficiary, that the indemnification clause at issue here is a standard term present in countless commercial agreements, or even that the Court's conclusion could lead to substantial unintended consequences.  Instead, Plaintiff opposes Amazon's motion by (1) arguing the Court does not have Article III jurisdiction to reconsider its own ruling, and (2) relying on a strawman argument.  Both attempts are unavailing.

## I.    Amazon's Motion Does Not Seek an "Advisory Opinion."

Plaintiff argues that Amazon's motion effectively seeks an "advisory opinion."  That is obviously not the case.  The Court resolved a motion to dismiss and identified reasons for its decision.  Amazon seeks reconsideration by the Court of whether a factor identified by the Court, and not raised by the parties, supports the Court's decision.  There is nothing advisory about that; precedent in this District is clear that courts may entertain motions for reconsideration where there are matters "which the moving party believes the court has overlooked," Local Civil Rule 6.3, and, as is the case here, where "the parties did not brief the issue . . . and because the Court raised the issue sua sponte in its prior Opinion and Order." *Moazzaz v. Met Life, Inc.*, 2024 WL 2330751, at *1 (S.D.N.Y. May 22, 2024) (citations omitted).  None of the cases on which Plaintiff relies are relevant; all concern whether there is a live case or controversy or if subsequent acts have rendered

1

*the proceeding* moot.[1]

## II.    There Is No Evidence That the General Indemnity Clause Here Evinces an Intent to Make Plaintiff a Third-Party Beneficiary.

Rather than responding to the substance of Amazon's argument, Plaintiff erects a strawman:  he claims that "Amazon's assertion that an indemnification agreement can never establish third party beneficiary status, is simply not supported by New York law" and that courts may consider the "presence of an indemnification clause" as "a factor in determining whether third party beneficiary status exists."  ECF 56 at 3.  But Amazon's motion disputes neither of those points.  The issue is not whether an indemnification provision can *ever* evince third-party beneficiary status, but rather whether the mere presence of a standard indemnification provision like the one at issue here does so.

Plaintiff's cases only prove the point.  Neither of the cases relied on by Plaintiff involve a general indemnification provision like the one in the DistroKid-Amazon Agreement; to the contrary, both of them expressly identify the third-party beneficiary at issue and even the rights that the beneficiary has under the respective agreement.  In the first, the defendant, New York Presbyterian Hospital, entered into a medical malpractice settlement in which the hospital agreed to "assume full responsibility for any monies which are ultimately found to be due to Medicaid in connection with" the injured patient's lengthy hospitalization.  The plaintiff, Commissioner of the NYC Department of Social Services, who was the relevant Medicaid administrator for that patient,

---

[1] *See Preiser v. Newkirk*, 422 U.S. 395, 400 (1975) (analyzing whether inmate's suit concerning transfer from medium security to maximum security facility was mooted by his return to the original medium security facility); *North Carolina v. Rice*, 404 U.S. 244, 247 (1971) (assessing whether habeas corpus proceeding was mooted by plaintiff's release from custody); *Frentzel v. Mohr*, 2024 WL 1506972, at *2 (2d Cir. Apr. 8, 2024) (determining that appeal of the denial of a preliminary injunction—seeking to prevent invalidation of certain ballots cast for plaintiff—was moot because the plaintiff won the election); *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 15–16 (1992) (finding that proceeding was improperly dismissed as moot).

brought suit against the hospital to recoup Medicaid expenditures in connection with the patient's hospital stay—*i.e.*, the precise claim brought by the party expressly identified in the settlement agreement. *Comm'r of Dep't of Soc. Servs. of N.Y. v. New York-Presbyterian Hosp.*, 82 N.Y.S.3d 390 (1st Dep't 2018). Moreover, the court found that the Medicaid administrator was an intended third-party beneficiary not because the hospital had promised to indemnify the patient against a Medicaid claim—which the court concluded "would not, by itself, confer third-party beneficiary status on DSS"—but rather because the provision "plainly contemplates that 'performance is to be rendered *directly* to [the] third party, a reliable indication that 'the third party is deemed an *intended* beneficiary of the covenant and is entitled to sue for its breach." *Id.* at 395 (internal citation omitted) (emphasis in original). In other words, the court's ruling is merely an expression of the general principle that a third-party's right to enforce the contract is found "only 'when it is . . . clear from the language of the contract that there was 'an intent to permit enforcement by the third party.'" *Id.* at 394 (quoting *Dormitory Auth. of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710 (2018)).

The same is true for the other case on which Plaintiff relies. In *Edge Management Consulting, Inc. v. Blank*, the lessee of a condo unit sued the lessor, Blank Trust, because leaks from an upstairs neighbor rendered the unit uninhabitable. 807 N.Y.S.2d 353, 355 (1st Dep't 2006). In turn, Blank Trust sought indemnification from the owner of the upstairs unit consistent with an "alteration agreement" between the owner of the upstairs unit and the condominium's board of managers, which stated that the indemnity obligation ran "to all persons, including, without limitation, the owners of other units in the Building." *Id.* at 356, 358. Unlike here, the indemnification clause was relevant because the third-party beneficiary *was seeking to enforce the indemnification obligation specifically*, and not other obligations under the agreement at issue.

3

Moreover, the court's ruling was not based on the existence of a general indemnity obligation, but rather the "explicit wording of the agreement" that "evidences an intent to indemnify other unit owners, such as the Blank Trust, against any and all loss that results from the renovations." *Id.* at 358.

These cases only reinforce Amazon's motion. Whereas the indemnification provisions in those cases describe the third parties at issue *and* the rights that those third parties have, the indemnification clause here does neither. It is a standard provision stating that DistroKid will indemnify Amazon against "*any* loss, claim, liability, damage, action or cause of action . . . that arises from *any* claims that [Amazon]'s exercise of its rights hereunder violates *any* law or the right of *any* third party." DistroKid-Amazon Agreement § 7.4 (emphasis added). Neither the Court's decision, nor Plaintiff, explains how anything in this language evinces an intent to make Plaintiff a third-party beneficiary. And Plaintiff does not, and cannot, contest that provisions like the one at issue here are commonplace, nor that the Court's conclusion risks substantial and likely unintended consequences as a result.

*          *          *

For the foregoing reasons, along with those described in Amazon's opening memorandum, Amazon respectfully requests that this Court reconsider its reliance on the existence of an indemnification clause in the DistroKid-Amazon Agreement in determining that Plaintiff sufficiently pled that he was an intended third-party beneficiary of that agreement.

4

Dated: April 10, 2026

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Jonathan M. Sperling*
    Jonathan M. Sperling

Jonathan M. Sperling
Phillip A. L. Hill
Sara J. Dennis
30 Hudson Yards
New York, NY 10001
(212) 841-1000
jsperling@cov.com
pahill@cov.com
sdennis@cov.com

*Counsel for Defendant Amazon.com*
*Services LLC*

5

## WORD COUNT VERIFICATION

I, Jonathan M. Sperling, certify that according to the word count of the word-processing program used to prepare the foregoing memorandum of law, and exclusive of the portions of it that are excluded by Local Rule 7.1, there are 1,237 words in the document.