UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCEL ALBERT, *professionally known as Marc Mysterio*,<br><br>                                        Plaintiff,<br><br>                    -v.-<br><br>DISTROKID LLC and AMAZON.COM SERVICES LLC,<br><br>                                        Defendants. | 25 Civ. 1705 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Marcel Albert, who performs as a musician under the name Marc Mysterio, brought this action to redress an alleged "shadowban" of his music.  Defendants Amazon.com Services LLC ("Amazon") and DistroKid LLC ("DistroKid") previously moved to dismiss certain of Plaintiff's claims.  On March 13, 2026, the Court issued an Opinion and Order that allowed certain claims to go forward against both Defendants.  (*See generally* Dkt. #53 ("March 13, 2026 Opinion")).  *See also Albert* v. *DistroKid LLC,* No. 25 Civ. 1705 (KPF), 2026 WL 710041 (S.D.N.Y. Mar. 13, 2026).  Amazon now moves for partial reconsideration of that opinion.  For the reasons set forth herein, the Court denies Amazon's motion.

## A.    Background

### 1.    The March 13, 2026 Opinion

As relevant to Amazon's instant motion, the March 13, 2026 Opinion sustained Plaintiff's claim that Amazon breached its agreement with DistroKid (the "DistroKid-Amazon Agreement," or the "Agreement"), on the theory that

Plaintiff had sufficiently pleaded that he was a third-party beneficiary of that Agreement.  (March 13, 2026 Opinion 22-29).  The Court, reviewing the DistroKid-Amazon Agreement as a whole, focused on three factors that led it to conclude that Plaintiff was a third-party beneficiary.  *First*, the Court noted that various provisions in the DistroKid-Amazon Agreement recognized that musicians such as Plaintiff will be "due" "royalties and other income" based on the Agreement.  (March 13, 2026 Opinion 24 (citing Dkt. #41-1 ("DistroKid-Amazon Audio Distribution Agreement") §§ 5.1, 7.1)).

*Second*, the Court recognized that the DistroKid-Amazon Agreement included a provision (the "Indemnity Provision") specifying that DistroKid "shall … indemnify, defend and hold [Amazon] … harmless from and against any loss, claim, liability, damage, action or cause of action … that arises from any claims that [Amazon]'s exercise of its rights hereunder violates any law or the right of any third party."  (March 13, 2026 Opinion 24-25 (internal quotation marks omitted and alterations in original) (quoting DistroKid-Amazon Audio Distribution Agreement § 7.4)).  The Court explained that such an indemnity provision "specifically acknowledges that a third party, like Plaintiff, may sue Amazon."  (*Id.* at 25).

*Third*, the Court relied on the circumstances surrounding the DistroKid-Amazon Agreement, including DistroKid's dealings with Plaintiff, to determine that DistroKid intended to make Plaintiff a third-party beneficiary of the DistroKid-Amazon Agreement.  (March 13, 2026 Opinion 25-26 (collecting cases for the proposition that DistroKid's intent is paramount when

2

determining Plaintiff's third-party beneficiary status)).  From the Court's perspective, the third factor supplied the necessary *intent* to confer third-party beneficiary status, while the first two factors confirmed that the parties did not understand their agreement to *foreclose* third-party beneficiary status.

### 2.    The Instant Motion

Two weeks after the Court issued the March 13, 2026 Opinion, Amazon filed a motion for partial reconsideration (Dkt. #54), as well as a memorandum of law in support thereof (Dkt. #55 ("Amazon Br.")).  Plaintiff filed his response on April 3, 2026.  (Dkt. #56 ("Pl. Opp.")).  Amazon then filed a reply on April 10, 2026.  (Dkt. #57).  In its motion, Amazon seeks "narrow" reconsideration of the part of the March 13 Opinion where the Court considered the Indemnity Provision in its analysis of Plaintiff's third-party beneficiary status.  (Amazon Br. 1).  Amazon does not ask the Court to reconsider its ultimate conclusion; it only asks the Court to remove the Indemnity Provision as part of its justification.  (*Id.* at 1-2).

## B.    Analysis

### 1.    Applicable Law

Local Civil Rule 6.3 of the Joint Local Rules of the Southern and Eastern Districts of New York governs motions for reconsideration in civil cases.  A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

*accord Analytical Survs., Inc.* v. *Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted) (quoting *Sequa Corp.* v. *GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998))). This is an intentionally strict standard: "Reconsideration of a prior order ... is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *U.S. Sec. & Exch. Comm'n* v. *Collector's Coffee Inc.,* No. 19 Civ. 4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Sikhs for Just.* v. *Nath,* 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.,* 729 F.3d 99, 108 (2d Cir. 2013).

### 2.    Amazon's Motion Is Appropriate

The first question is whether Amazon has properly raised its arguments in a motion for reconsideration. (*See* Pl. Opp. 1-2 (arguing that Amazon should not be able to raise its arguments in such a motion)). Courts will entertain a motion for reconsideration where "the parties did not brief the issue," and where "the Court raised the issue sua sponte in its prior Opinion." *Moazzaz* v. *MetLife, Inc.,* No. 19 Civ. 10531 (JPO), 2024 WL 2330751, at *1 (S.D.N.Y. May 22, 2024) (internal quotation marks omitted) (quoting *Kleeberg* v. *Eber,* No. 16 Civ. 9517 (LAK) (KHP), 2021 WL 1164205, at *5 (S.D.N.Y. Mar. 25, 2021)); *see also Kleeberg,* 2021 WL 1164205, at *5 (allowing a motion for reconsideration where the party was "not attempting to take a second bite of

4

the apple but rather object[ed] to th[e] Court's conclu[sion]" on an issue "without having had a chance to brief th[e] issue").

Here, Amazon's motion is appropriate.  The parties did not specifically discuss the Indemnity Provision in their previous briefing, and the Court raised it *sua sponte* in the March 13, 2026 Opinion.  (*See* Dkt. #44 at 22 (Plaintiff making his third-party beneficiary argument without discussing the Indemnity Provision)).  Because the Court considered the Indemnity Provision in its Opinion and the parties did not brief the issue previously, Amazon's motion to reconsider is appropriate.  *See Moazzaz*, 2024 WL 2330751, at *1; *Kleeberg*, 2021 WL 1164205, at *5.

### 3. The Court Declines to Partially Reconsider the March 13, 2026 Opinion

Of course, Amazon's ability to bring a motion for partial reconsideration does not guarantee that such a motion will succeed.  Here, Amazon's motion fails because Amazon overstates the Court's reliance on the Indemnity Provision in the March 13, 2026 Opinion.

To begin, Amazon appears to believe that the Indemnity Provision was an independent ground on which the Court based its third-party beneficiary holding.  (*See, e.g.*, Amazon Br. 4 (arguing that an indemnity "provision cannot *on its own* reasonably be understood to evince an intent to vest Plaintiff … with the right to assert a claim" (emphasis added))).  In reality, and as discussed above, the Indemnity Provision was but one factor the Court considered in making its determination.  (March 13, 2026 Opinion 24-26; *see also* Pl. Opp. 2-

3 (recognizing that the Indemnity Provision was "a factor in the overall analysis that weighed in favor of third party beneficiary status")).

Nowhere does the Court indicate that the Indemnity Provision alone was sufficient to bestow third-party beneficiary status on Plaintiff. (*See* March 13, 2026 Opinion 25 ("Th[e] indemnity provision specifically acknowledges that a third party, like Plaintiff, may sue Amazon[.]")). To the contrary, the Court agrees with Amazon that "the presence of [an indemnity] provision cannot on its own reasonably be understood to evince an intent to vest Plaintiff or any other third party with the right to assert a claim." (Amazon Br. 4). The Court never suggested that it could, so there is no need to reconsider the March 13, 2026 Opinion on that ground.

On a more granular level, Amazon misperceives the connection the Court drew between the Indemnity Provision and the finding of third-party beneficiary status. Amazon claims that the Court understood the Indemnity Provision "to evince an *intent* to vest Plaintiff ... with the right to assert a claim." (Amazon Br. 4 (emphasis added); *see also id.* at 1 (suggesting that the Court viewed the Indemnity Provision as "indicat[ing] an *intent* to make plaintiff a third-party beneficiary" (emphasis added))). But the Court never understood the Indemnity Provision in this way.

As the Court explained in the March 13, 2026 Opinion, the Indemnity Provision "acknowledges that a third party ... may sue Amazon" (March 13, 2026 Opinion 25), an assertion that Amazon itself concedes (*see* Amazon Br. 4). In other words, rather than intent, the Indemnity Provision speaks to

Amazon's recognition of the consequences of its contractual relationship, *i.e.,* the possibility that third parties may sue to vindicate rights that they believe, rightly or wrongly, emanate from that relationship. And the Court found that this recognition, paired with DistroKid's — and not Amazon's — clear intent to make Plaintiff a third-party beneficiary, was enough to confer third-party beneficiary status to Plaintiff at this stage of the litigation. (March 13, 2026 Opinion 24-26).

The Court thus agrees with Amazon that the Indemnity Provision, given its general language, speaks little of Amazon's intent to make Plaintiff a third-party beneficiary of the DistroKid-Amazon Agreement. (Amazon Br. 4-5). But Amazon's suggestion that the Court should not have considered the Indemnity Provision at all would make standard indemnity clauses — solely by virtue of their ubiquity — irrelevant to determining how the parties understand a given agreement, a proposition for which Amazon offers no support. (*See id.* at 4-5 (citing no cases)).

Amazon appears most worried about downstream consequences of the March 13, 2026 Opinion, suggesting that it places contracting parties in the untenable position of having to decide between seeking the protections of indemnity or being found to have vested third parties with rights. (Amazon Br. 5). To the extent that the March 13, 2026 Opinion caused this concern, the Court here clarifies that general indemnification clauses do not speak to contracting parties' *intent* to confer third-party beneficiary status. But because the March 13, 2026 Opinion used the Indemnity Provision at issue in a much

narrower fashion — as evidence that the Agreement did not explicitly foreclose the possibility of third-party claims — the Court denies Amazon's request for it to revisit the March 13, 2026 Opinion.

## CONCLUSION

For the reasons explained above, Amazon's motion for partial reconsideration is DENIED.  The Clerk of Court is directed to terminate the pending motion at docket entry 54.  The Clerk of Court is further directed to email a copy of this Order to Plaintiff at marcel.albert.ecf@gmail.com.

SO ORDERED.

Dated:      May 12, 2026
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge