```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCEL ALBERT p/k/a MARC MYSTERIO,              :
                                                :
                        Plaintiff,              :
                                                :
            - against -                         :    Case No. 1:25-cv-01705
(KPF)
                                                :
AMAZON.COM SERVICES LLC et al.,                 :
                                                :
                        Defendants.             :
---------------------------------------------------------------X
```

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDERS
REGARDING ECF PRIVILEGES AND FILING RESTRICTIONS, AND FOR
PRODUCTION AND TRANSMISSION OF THE JUNE 8, 2026 HEARING
RECORDING**

Plaintiff Marcel Albert, proceeding in part pro se, respectfully moves for reconsideration of the Court's orders revoking his ECF privileges and striking filings. Plaintiff further moves for the immediate production of the official audio recording of the June 8, 2026 telephone conference and for an order directing that the recording be made part of the record and transmitted to the United States Court of Appeals for the Second Circuit.

## I. INTRODUCTION AND PROCEDURAL POSTURE

Plaintiff Marcel Albert, proceeding in part pro se, respectfully submits this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Plaintiff seeks reconsideration of the Court's orders revoking his ECF filing privileges and striking filings. Plaintiff further seeks the immediate production of the official audio recording of the June 8, 2026 telephone conference and an order directing that the recording be made part of the record and transmitted to the United States Court of Appeals for the Second Circuit.This Motion is brought in light of the Court's inconsistent treatment of filings, its failure to address Plaintiff's pending recusal motion, and its failure to produce the June 8, 2026 recording despite statements made on the record during that conference.

## II. FACTUAL BACKGROUND OF THE UNDERLYING DISPUTE

Plaintiff is an independent recording artist and music industry professional with a substantial catalog of works. The present action arises from disputes concerning royalty payments, distribution practices, and alleged suppression of Plaintiff's music on the Amazon Music platform. Plaintiff has asserted claims against Amazon.com Services LLC and related entities.On or about June 16, 2026, Plaintiff filed a detailed Motion for Recusal pursuant to 28 U.S.C. § 455. That motion remains pending and has not been addressed by the Court.

### III. THE JUNE 8, 2026 TELEPHONE CONFERENCE

On June 8, 2026, the Court conducted a telephone conference in this matter. During that conference, the Court made several material statements on the record, including:

- That it was scheduling Rule 11 motion briefings against both Defendants; and
- That it had reviewed the docket via PACER in connection with Defendant Amazon's May 26, 2026 letter (Dkt. #91) and indicated that defense counsel had misspoke or failed to review the full record.

Despite these statements, no Rule 11 briefing schedule has been implemented, and the official audio recording of the conference has not been produced.

### IV. INCONSISTENT TREATMENT OF FILINGS: COMPARISON WITH DEFENDANT'S PRIOR MOTION

The Court's current approach to Plaintiff's filings stands in sharp contrast to its handling of a prior reconsideration motion filed by Defendant Amazon. In that earlier proceeding, the Court permitted full briefing and issued a detailed, reasoned opinion denying the motion. Notably, defense counsel admitted during that briefing that he was preparing a letter to the editor concerning language related to indemnity provisions.In that instance, the Court engaged substantively with the arguments presented and issued a scathing denial. By comparison, Plaintiff's filings — including his June 16, 2026 recusal motion — have been met primarily with orders striking filings rather than substantive consideration. This disparity in treatment supports the need for reconsideration.

### V. THE PENDING RECUSAL MOTION AND UNRECANTED ALLEGATIONS

On June 16, 2026, Plaintiff filed a Motion for Recusal supported by a sworn declaration. The allegations contained therein are serious and have not been recanted. These allegations involve public figures and raise fundamental questions regarding the appearance of impartiality.Despite the pendency of this motion, the Court proceeded to revoke Plaintiff's ECF privileges and strike filings without first addressing the recusal allegations.

### VI. LEGAL STANDARD FOR RECONSIDERATION

Reconsideration under Local Civil Rule 6.3 is appropriate where the moving party demonstrates that the Court overlooked "matters or controlling decisions" that might reasonably be expected to alter the result, or where reconsideration is necessary to prevent manifest injustice. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

### VII. FAILURE TO ADDRESS THE PENDING RECUSAL MOTION

The revocation of ECF privileges constitutes a significant restriction on a litigant's access to the Court. Such restrictions should not be imposed while a motion under 28 U.S.C. § 455 alleging personal bias remains pending and

unaddressed.Justice Scalia, writing for the Court in Liteky v. United States, 510 U.S. 540, 548 (1994), emphasized that the appearance of impartiality is judged according to an objective standard based upon the record. When serious allegations of bias are properly raised by motion, basic fairness requires that those allegations receive substantive consideration before severe procedural restrictions are imposed on the moving party.

### VIII. DUE PROCESS AND THE RIGHTS OF PRO SE LITIGANTS

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Second Circuit has repeatedly instructed that pro se litigants are entitled to "special solicitude." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).The revocation of ECF privileges and the striking of filings — particularly while a recusal motion raising serious bias allegations remains pending — without providing Plaintiff an opportunity for substantive consideration, fails to afford the process due under these standards.

### IX. THE IMPORTANCE OF AN ADEQUATE RECORD FOR APPELLATE REVIEW

An adequate record is a fundamental prerequisite to meaningful appellate review. Justice Scalia emphasized in Liteky the importance of an objective record when evaluating questions of judicial impartiality and procedural fairness. Justice Thomas has similarly underscored the necessity of a complete record for the judiciary to perform its constitutional function. See Boumediene v. Bush, 553 U.S. 723, 797 (2008) (Thomas, J., dissenting).

### X. THE JUNE 8, 2026 RECORDING IS ESSENTIAL TO THE RECORD

The official audio recording of the June 8, 2026 telephone conference constitutes critical evidence of the Court's own statements on the record. Without this recording, the appellate record will be incomplete and will not accurately reflect the proceedings before this Court.

### XI. REQUEST FOR PRODUCTION OF THE JUNE 8, 2026 RECORDING

Plaintiff respectfully requests that the Court immediately produce the official audio recording (or transcript) of the June 8, 2026 telephone conference.

### XII. REQUEST FOR TRANSMISSION TO THE SECOND CIRCUIT

Plaintiff further requests that the June 8, 2026 recording be made part of the record in this case and transmitted to the United States Court of Appeals for the Second Circuit in connection with Plaintiff's forthcoming petition for a writ of mandamus.

### XIII. REQUEST FOR REASSIGNMENT AS A MATTER OF PROFESSIONAL COURTESY

In light of the serious and unrecanted allegations set forth in Plaintiff's pending June 16, 2026 recusal motion — allegations involving public figures — Plaintiff respectfully requests, as a matter of professional courtesy, that

this Motion be forwarded to the Clerk of Court for reassignment to an impartial judge for decision.Plaintiff makes this request without seeking any comment or ruling from this Court on the merits of the pending recusal motion. Rule 12 motions have already been denied in this case, and the matter is proceeding toward further adjudication.

### XIV. PREJUDICE TO PLAINTIFF

Plaintiff is prejudiced by the current procedural restrictions because they impair his ability to litigate this case efficiently and to preserve his appellate rights. The inability to file electronically, combined with the striking of filings without substantive consideration, creates unnecessary barriers at a critical stage of the litigation.

### XV. JUDICIAL ECONOMY AND RELATED PROCEEDINGS

Principles of judicial economy support coordinated handling of related matters. The Second Circuit has recognized the value of avoiding inconsistent rulings in related proceedings. The present request for reassignment is made in furtherance of these principles.

### XVI. PUBLIC INTEREST CONSIDERATIONS

This case involves allegations concerning public figures and raises important questions regarding access to justice, the treatment of pro se litigants, and the integrity of judicial proceedings. These considerations weigh in favor of reassignment to an impartial judge.

### XVII. THE COURT'S PRIOR HANDLING OF DEFENDANT'S FILINGS

As detailed above, the Court previously permitted full briefing and issued a detailed opinion on Defendant Amazon's reconsideration motion. That approach stands in contrast to the current treatment of Plaintiff's filings and supports the conclusion that reconsideration and reassignment are appropriate.

### XVIII. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:(a) Reconsider and vacate or modify its orders revoking Plaintiff's ECF privileges and striking filings;

(b) Immediately produce the official audio recording (or transcript) of the June 8, 2026 telephone conference;

(c) Direct that the recording be made part of the record in this case;

(d) Forward this Motion to the Clerk of Court for reassignment to an impartial judge as a matter of professional courtesy; and

(e) Direct that the recording be transmitted to the United States Court of Appeals for the Second Circuit.

Dated: June 17, 2026R

Yours Faithfully,

/s/ Marcel Albert
MARCEL ALBERT
p/k/a Marc Mysterio