UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCEL ALBERT, *professionally known as Marc Mysterio*,<br><br>                              Plaintiff,<br><br>                 -v.-<br><br>DISTROKID LLC and AMAZON.COM SERVICES LLC,<br><br>                              Defendants. | 25 Civ. 1705 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

In the last few weeks, coincident with the departure of his counsel, Plaintiff has pivoted from using the instant litigation as a means of achieving redress for alleged contractual breaches to using it as a means of spreading calumny regarding the other participants in this litigation.  In its Order of June 16, 2026 (Dkt. #111), the Court attempted to correct course and have the parties litigate the disputed issues in accordance with the relevant case law and the Federal Rules of Civil Procedure.  To achieve those ends, the Court struck certain false documents that were filed by Plaintiff; revoked Plaintiff's filing privileges to prevent him from filing similar documents without Court review; and warned Plaintiff that subsequent efforts to pervert the litigation process would be met with a dismissal order.  (*Id.*).

While the Court had hoped that its Order would cause Plaintiff to take this case, and his submissions, more seriously, subsequent filings have demonstrated otherwise.  Within 36 hours of the issuance of the Court's June 16 Order, Plaintiff filed an omnibus motion that includes an emergency

request for reconsideration of that Order.  (Dkt. #112).  What is more, confronted with the ineluctable truth that his motion for recusal was predicated on a fabricated narrative, Plaintiff has elected to double down on his perjury.

As relevant here, Plaintiff argues that his recusal motion remains pending and was supported by Plaintiff's sworn declaration.  Indeed, Plaintiff contends, "[t]he allegations contained therein *are serious and have not been recanted.  These allegations involve public figures and raise fundamental questions regarding the appearance of impartiality.*"  (Dkt. #112 at 2 (emphasis added)).  Plaintiff is wrong on multiple levels.  For starters, Plaintiff's recusal motion is not pending; it was stricken from the docket because of the salacious (and false) allegations that permeated it.  More fundamentally, it may be true that the allegations in Plaintiff's recusal motion are serious and that he has not recanted them.  That does not make the allegations any less false, and it does not make Plaintiff any less a perjurer for continuing to advance them.  Quite to the contrary, it only underscores the lack of seriousness with which Plaintiff now views this litigation.

The standard for reconsideration is a stringent one, and was detailed previously in this Court's Order of May 12, 2026.  (Dkt. #71).  A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995);

*accord Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  Plaintiff proffers neither factual nor legal support for reconsideration of the Court's prior decisions.  He argues that the Court has treated the parties' filings inconsistently, even as he acknowledges that the Court denied Defendant Amazon's motion for reconsideration.  (Dkt. #112 at 2).  In Plaintiff's estimation, the Court erred in striking his prior filings rather than giving them "substantive consideration."  (*Id.*).  And he chastises the Court for failing to address his recusal motion on the merits.  (*Id.* at 2-3).

Plaintiff's false equivalence of the parties' submissions is his undoing. Counsel for both Defendants have taken the case seriously; they have made non-frivolous arguments based on the pleadings and the relevant rules; and the Court has resolved those arguments on the merits, accepting some arguments and rejecting others as the law requires.  Plaintiff, for his part, appears now to be singularly focused on attacking the parties to the litigation, including the Court, rather than arguing the merits.  While the Court has indulged Plaintiff on account of his *pro se* status, it will no longer allow him to hijack the judicial process to settle perceived personal affronts with libelous accusations.

Everyone involved in this litigation, including Plaintiff, knows the absence of any legitimate basis for the Court's recusal.  The tale Plaintiff spins is far too fanciful to be plausible, and indeed it is wholly false.  And yet despite the sternest of warnings from the Court, Plaintiff continues to perjure himself. As a result, the Court DISMISSES the instant action for failure to abide by the

Court's orders.  The Clerk of Court is directed to terminate all pending motions,

adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:        June 18, 2026
              New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge